**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alquondra Peoples and Tonyea Warren, individually,<br><br>Plaintiffs,<br><br>v.<br><br>Honeywell International, Inc., a Delaware corporation,<br><br>Defendant. | No. CV-21-00842-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Honeywell International, Inc.'s ("Defendant") Motion to Dismiss. (Doc. 12.) The Plaintiffs, Alquondra Peoples and Tonyea Warren ("Plaintiffs"), have filed a response. (Doc. 13.) Defendant has filed a reply to Plaintiffs' response. (Doc. 14.) Additionally, Plaintiffs have filed a surresponse. (Doc. 15.) Defendant has filed a motion to strike Plaintiffs' surresponse (erroneously labeled as a "surreply"). (Doc. 16.) Pursuant to LRCiv. 7.2 the Court elects to rule on this motion without oral argument. The Court has considered the submitted pleadings and relevant case law. For the reasons below, the Court grants the Defendant's motion to dismiss with leave to amend the complaint.

**I. BACKGROUND**

The following facts are taken from Plaintiffs' Amended Complaint ("Complaint") and are accepted as true for purposes of the instant motion. First, Plaintiffs allege that Alquondra Peoples (Peoples") worked for Honeywell on November 28, 2020. (Doc. 1, Ex.6) Defendant "failed to uphold a safe and secure" work environment and thus violated

the Occupational Safety and Health Act of 1970, 29 U.S.C. §651, *et seq*. (the "OSH Act") (*Id. at* ¶ 11) Second, Plaintiffs allege that Defendant committed "corporate crime" by advising Peoples, on November 18, 2020 to "pick up a dirty mask off the dirty floor." (*Id.* at ¶ 11.) Third, Plaintiffs assert that Defendant committed "crimes against humanity" by "distributing soiled masks during a global pandemic" and that this action resulted "in pain and suffering and mental anguish." (*Id.* at ¶ 12.) Finally, Plaintiffs allege that the Defendant committed gross negligence but did not plead any facts to support this claim. (*Id.*) Plaintiffs also state that the work environment at Honeywell had "no ventilation, dirty bathrooms, no soap … no sanitizer" and that the work machines were not properly cleaned. (*Id.* at ¶ 10.)

Defendant now motions to dismiss Plaintiff's Complaint on the grounds of 12(b)(1) and 12(b)(6).

**II. LEGAL STANDARDS**

**A. Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has subject-matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332. Because our jurisdiction is limited, it is to be presumed that a cause lies outside of it, and the burden of establishing jurisdiction is on the party asserting it. *Kokkonen*, 511 U.S. at 377.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a facial attack, the court "accept[s] the plaintiff's allegations as true" and "determines whether the allegations are sufficient as a legal matter to invoke the court's

jurisdiction," "drawing all reasonable inferences in the plaintiff's favor." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* In a facial attack, our inquiry is confined to the allegations in the complaint, while a factual attack permits the court to look beyond the complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2004).

The party asserting jurisdiction bears the burden of proof. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). When the plaintiff does not meet the burden of showing the court has subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

The Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. Const. art. III § 2; *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To show that a case or controversy exists, a plaintiff must establish that he has standing to bring suit. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff must satisfy three elements to establish Article III standing: (1) an injury in fact, (2) a causal connection between the injury and the allegedly wrongful conduct, and (3) that the injury is likely to be redressed by a favorable decision from the Court. *Id.* In addition, when a plaintiff "seeks declaratory and injunctive relief only, there is a further requirement that [the plaintiff] show a very significant possibility of future harm." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit," and "the suit should be dismissed under Rule 12(b)(1)." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citations omitted).

**B. Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the

claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," as "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n.3 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1202, at 94–95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v.*

*Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Where a complaint is dismissed, leave to amend generally is granted, unless further amendment would be futile. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

### III. DISCUSSION

#### A. Surresponse

A surresponse is a second response by a party who opposes a motion. SURRESPONSE, Black's Law Dictionary (11th ed. 2019). Absent prior leave of the Court, surresponses "are not authorized by the Federal or Local Rules of Civil Procedure." *Hauser v. Smith*, No. CV 20-08138-PCT-JAT, 2021 WL 2262551, at *2 (D. Ariz. June 3, 2021).

Plaintiffs' surresponse was improper because no leave of the Court was granted prior to filing. Therefore, the Court will grant Defendant's Motion to Strike the surresponse. (Doc. 16.)

#### B. Standing

The Defendant first argues that Plaintiff Warren lacks standing to bring her claim because none of the claims are alleged to have occurred while Warren was "an employee of Honeywell or that she was employed at one of Honeywell's facilities." (Doc. 12 at 4.) The Court agrees. The Complaint never mentions Plaintiff Warren or how she is related to this case. Plaintiffs' response references an observation letter from Warren's mother to show standing (Doc. 13 at 2), however, this inquiry is confined to the complaint. For Plaintiff Warren to have standing to bring suit, the complaint would have needed to specifically mention she was an employee and what she experienced individually. Therefore, because the allegations are insufficient on their face to show Plaintiff Warren has standing, the Court dismisses the claims pertaining to Warren.

The Defendant argues that Plaintiffs' Counts II and III should be dismissed for lack

of standing, because "the decision on whether to prosecute a crime lies with the prosecutor, and not with civilians." (Doc. 12 at 5.) Plaintiffs allege Defendant committed a "crime against humanity" and "corporate crime" but do not include any statutory authority to show that they can bring such claims in a civil lawsuit. (Doc. 1, Ex. 6.) Instead, Plaintiffs included a definition of each term from Black's Law Dictionary. (*Id.*) These definitions each define the terms as a type of crime. (*Id.*) Therefore, the Court agrees with Defendant's assessment that the Plaintiffs lack standing to charge Defendant with crimes in a civil lawsuit. See, *Linda R.S. v. Richard P.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, Counts II and III will be dismissed.

### C. Pleading Adequacy

Defendant argues Plaintiffs' Counts I-IV should be dismissed because Plaintiffs' claims "fail to state a claim upon which relief may be granted." (Doc. 12 at 3.) The Court addressed above why Plaintiff Warren's claims and Plaintiffs' Counts II (corporate crimes) and III (crime against humanity) fail for lack of standing. Therefore, this analysis for pleading adequacy will center on Plaintiffs' Counts I and IV.

In Count I, Plaintiffs allege that Honeywell violated 29 U.S.C. § 654 of the OSH Act because of a failure to "uphold a safe and secure working environment." (Doc. 1, Ex. 6.) Defendant argues that this claim fails because the OSH Act does not provide for a private cause of action. (Doc. 12 at 7.) Defendant cites to *Glanton* to support this argument and argues that the Plaintiffs may alert the Occupational Safety and Health Administration ("OSHA") of any concerns of OSH Act violations instead. (*Id.*); *see Glanton v. Harrah's Ent.*, 297 F. App'x 685, 687 (9th Cir. 2008) (explaining that this "intra-agency mechanism by which an alleged violation can be raised by a private actor . . . suggest[s] that Congress did not intend for OSHA-based actions to be litigated by private actors in federal court") (citing 29 U.S.C. §§ 657(f)(1), 660(c)).. The Court agrees and Count I will be dismissed.

Defendant also argues that Plaintiffs' claim for gross negligence should be dismissed. (Doc. 12 at 10.) A gross negligence claim requires the showing of five elements:

(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach of that duty by the defendant; (3) a causal connection between the defendant's conduct and the resulting injury; (4) actual damages; and (5) the showing of gross, willful, or wonton conduct. *Noriega v. Town of Miami*, 407 P.3d 92, 98 (Ariz. Ct. App. 2017). Plaintiffs stated very few facts in the amended complaint and those were generally directed at other claims. (Doc. 1, Ex. 6.) However, considering facts alleged in other claims may support the fifth element of gross, willful, or wonton conduct but there were no facts alleged to satisfy the remaining 4 elements of a gross negligence claim. Therefore, the Court dismisses the Plaintiffs' remaining claim for gross negligence.

### D. Leave to Amend

Plaintiffs do not request leave to amend their Complaint. However, in accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiffs] could not cure [the Complaint's] deficiencies by amendment," the Court will give them the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("leave to amend should be "freely" given "when justice so requires[]"). Plaintiffs' Second Amended Complaint must address the deficiencies identified above. Plaintiffs' Second Amended Complaint should follow the form detailed in Local Rule 7.1.

Within thirty (30) days from the date of entry of this Order, Plaintiffs may submit a Second Amended Complaint. Plaintiffs must clearly designate on the face of the document that it is the "Second Amended Complaint." If Plaintiffs decide to file an amended complaint, they are reminded that an amended complaint supersedes the preceding complaint, *see Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits." L.R.Civ. 15.1.

### IV. CONCLUSION

For the above stated reasons,

**IT IS ORDERED** that Defendant's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss,

(Doc. 12) **is granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiffs' Surreply (Doc. 16) **is granted**.

**IT IS FURTHER ORDERED denying** Defendant Honeywell International, Inc.'s Motion to file a Response to Plaintiff's Surreply (Doc. 16) as moot.

**IT IS FURTHER ORDERED granting** Plaintiffs leave to file a Second Amended Complaint within thirty (30) days of the date of this Order. If a Second Amended Complaint is not filed within thirty (30) days, the Clerk of Court is directed to terminate this case.

Dated this 30th day of June, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge