**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alquondra Peoples and Tonyea Warren, | No. CV-21-00842-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Honeywell International Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant Honeywell International, Inc.'s ("Honeywell") Rule 12(b)(6) Motion to Dismiss Plaintiffs' Second Amended Complaint. (Doc. 21.) Plaintiffs Alquondra Peoples and Tonyea Warren filed a Response, (Doc. 22), and Defendant filed a Reply, (Doc. 23). Neither party requested that the Court hold oral argument, and the Court finds it unnecessary. *See* LRCiv 7.2(f). The Court has considered the pleadings and the relevant caselaw and will grant Defendant's Motion to Dismiss.

**I.   BACKGROUND**

The allegations in Plaintiffs' Second Amended Complaint ("SAC") center around the uncleanliness of Honeywell's work environment. Both Plaintiffs worked for Honeywell from October 31, 2020 to November 29, 2020. (Doc. 20 at 1.) The SAC alleges that Honeywell manufactured N-95 masks in filthy conditions and that Honeywell failed to comply with the OSH Act and CDC guidelines. (*See id.* at 3.) The SAC also alleges that Honeywell forced Plaintiffs to commit "crimes against humanity and corporate crimes" by making Plaintiffs pick up dirty masks off the floor to be sent out worldwide.

(*Id.* at 2.) The Court construes Plaintiffs' SAC as alleging claims for violation of the OSH Act, "crimes against humanity and corporate crimes," and negligence. (*Id.*)

On June 30, 2021, the Court issued an order granting Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). (Doc. 18.) In its order, the Court ruled that Plaintiff Warren did not have standing to pursue claims against Honeywell because Plaintiffs' FAC never alleged that she was an employee of Honeywell. (*Id.* at 5.) The Court also dismissed Plaintiffs' criminal claims because civilians are not permitted to bring such claims. (*Id.* at 5–6.) The Court dismissed Plaintiffs' claims under the OSH Act because the Act does not provide a private cause of action. (*Id.* at 6.) Lastly, the Order ruled that Plaintiffs failed to plead a claim for gross negligence. (*Id.* at 6–7.) Plaintiffs' SAC commands the same result as their FAC.

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are

'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. DISCUSSION

Honeywell argues that Plaintiffs' SAC should be dismissed because Plaintiffs have failed to adequately allege a gross negligence claim and because the Court has already ruled that Plaintiffs' criminal claims and claims under the OSH Act cannot prevail. (Doc. 21 at 2.) The Court agrees.

Plaintiffs' criminal claims and claims under the OSH Act must be dismissed. The Court has already ruled that Plaintiffs—who are civilians—cannot bring criminal claims against Honeywell. (Doc. 18 at 5–6); *Linda R.S. v. Richard D.*, 410 U.S. 614, (1973) ("[I]n American jurisprudence, at least, a private citizen lacks a judicially cognizable interest in the prosecution of another."). Thus, Plaintiffs' criminal claims will again be dismissed. Likewise, the Court previously dismissed Plaintiffs' claims brought under the OSH Act, finding that the Act does not allow a litigant to bring a private cause of action. (Doc. 18 at 6); *Glanton v. Harrah's Ent., Inc.*, 297 F. App'x 685, 687 (9th Cir. 2008). The claim must again be dismissed for the same reasons.

The Court construes Plaintiffs' remaining claims as ones for negligence and gross negligence. While Honeywell construes this claim only as a gross negligence claim, Honeywell apparently failed to recognize that Plaintiffs mention Honeywell's negligence throughout the SAC. (*See* Doc. 20 at 3–5.) A negligence claim in Arizona requires a plaintiff to prove four elements: "(1) a duty requiring the defendant to conform to a certain

1  standard of care; (2) a breach by the defendant of that standard; (3) a causal connection
2  between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson*
3  *v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007).  A gross-negligence claim requires the additional
4  showing of gross, willful, or wanton conduct.  *Noriega v. Town of Miami*, 407 P.3d 92, 98
5  (Ariz. Ct. App. 2017).  "Duty is defined as an obligation, recognized by law, which requires
6  the defendant to conform to a particular standard of conduct in order to protect others
7  against unreasonable risks of harm." *Id.* (quoting *Gipson*, 150 P.3d at 230) (cleaned up).
8  　　　　Honeywell contends that Plaintiffs' negligence and gross negligence claims must
9  fail because they have not properly pled the existence of a duty owed to them. (Doc. 21 at
10  3.) Plaintiffs' SAC states that Honeywell "had a duty to uphold the Osh Act of 1970 section
11  5/29 USC 654 which provides employees with a safe, healthy, and hazard free
12  environment." (Doc. 20 at 1.) Arizona courts, however, have concluded that the OSH Act
13  will not support a cause of action for personal injuries to an employee. *Pruett v. Precision*
14  *Plumbing, Inc.*, 554 P.2d 655, 660 (Ariz. Ct. App. 1976); *Wendland v. AdobeAir, Inc.*, 221
15  P.3d 390, 393 (Ariz. Ct. App. 2009); *Black v. Sensing Enterprises Inc.*, No. 1 CA-CV-20-
16  0024, 2020 WL 7625306, at *3 (Ariz. Ct. App. Dec. 22, 2020). Plaintiffs also allege that
17  Honeywell had a duty to follow the CDC guidelines for the COVID-19 pandemic. (Doc.
18  1 at 1.) But Plaintiffs provide no authority for the Court to be able to conclude that the
19  CDC guidelines create a duty for employers to follow under Arizona law. Thus, this is
20  also an insufficient basis to allege that Honeywell had a duty to Plaintiffs. Accordingly,
21  Plaintiffs' negligence and gross negligence claims must be dismissed.
22  **IV.    LEAVE TO AMEND**
23  　　　　Plaintiffs request leave to amend the SAC in their Response. (Doc. 22.) Leave to
24  amend should be granted unless a court finds that it is absolutely clear that the plaintiffs
25  cannot cure the deficiencies in their complaint by amendment. *See Jackson v. Barnes*, 749
26  F.3d 755, 767 (9th Cir. 2014). Here, it is clear that Plaintiffs' SAC cannot be cured by
27  amendment. Plaintiffs have tried multiple times to bring criminal claims and a claim under
28  the OSH Act against Honeywell. Plaintiffs simply cannot proceed on such claims.

Additionally, as stated above, Plaintiff cannot point to a legal duty that Honeywell owed for their negligence claims. Thus, it appears that amendment would be futile. The Court will dismiss Plaintiffs' claims with prejudice.

### V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is granted, (Doc. 21), and that Plaintiff's Second Amended Complaint, (Doc. 20), is dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in accordance with this Order and to terminate this case.

Dated this 23rd day of December, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge